# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DFR APPAREL CO., INC.,

    Plaintiff,

v.

TRIPLE SEVEN PROMOTIONAL PRODUCTS, INC., *et al.*,

    Defendants.

Case No. 2:11-CV-01406-KJD-CWH

**ORDER**

Presently before the Court is Defendants' Motion to Dismiss (#11). Plaintiff filed a response in opposition (#18) to which Defendants replied (#20). Also before the Court is Defendants' Motion to Strike (#19). Plaintiff filed a response in opposition (#21) to which Defendants replied (#22).

I.  Background

On March 23, 2010, Plaintiff DFR Apparel Co., Inc. ("DFR") placed a purchase order for 170,000 pieces of glassware with Triple Seven Promotional Products, Inc. ("Triple Seven") for delivery on May 26, 2010. The purchase order valued $90,270.00, of which DFR paid half up front. On April 29, 2010 DFR cancelled the order after the product did not comply with DFR's written specifications.

On May 21, 2010 DFR placed a replacement purchase order for the 170,000 pieces of glassware. Triple Seven valued the second order at $163,200.00 because of the more costly material needed to meet DRF's specifications. DFR scheduled for the replacement purchase to be delivered by July 30, 2010. DFR alleges that Triple Seven understood that time was of the essence for delivery of the entire 170,000 pieces of glassware. On May 24, 2010, Triple Seven confirmed the replacement order. On that same day, DFR paid Triple Seven an additional $36,465.00 for the initial deposit of the replacement order.

On August 6, 2010, when the first container of the replacement order arrived, DFR paid Triple Seven another $40,800.00. However, on August 16, 2010 DFR's customer HUB Folding Box, Inc. ("HUB"), after receiving the shipment, rejected the entire container because it failed to meet the specifications set forth by DFR.

On August 19, 2010 DFR paid Triple Seven an additional $37,500.00 for the replacement order. On September 2, 2010, after DFR and HUB informed Triple Seven that the product failed to meet their specifications, Triple Seven confirmed to DFR in writing that a second replacement order would be completed by September 21, 2010. On September 2, 2010 DFR relayed the information to HUB. HUB immediately rejected the delivery date.

On September 10, 2010 HUB terminated its business relationship with DFR "as a result of Triple Seven's failure to both timely ship product and manufacture product in compliance with DFR's and HUB's specifications." On January 25, 2011 HUB reiterated it would no longer use DFR as a supplier.  Triple Seven's promotional catalogue often referred to an entity identified as "777 Promotion Products, Inc."  Plaintiff filed the present complaint on September 2, 2011 alleging claims for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, fraud, conversion, and tortious interference with contract.  Plaintiff named as defendants: Triple Seven Promotional Products, Inc.; Deco West, Inc. (which appears to share an address and corporate officers with Triple Seven); and 777 Promotional Products, Inc. ("777").  Defendants then filed the present motion to dismiss.

2

II.  Standard for a Motion to Dismiss

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party."  <u>Wyler Summit Partnership v. Turner Broadcasting System, Inc.</u>, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  Consequently, there is a strong presumption against dismissing an action for failure to state a claim.  See <u>Gilligan v. Jamco Dev. Corp.</u>, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id.</u>

The <u>Iqbal</u> evaluation illustrates a two-prong analysis.  First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory.  <u>Id.</u> at 1949-51.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief."  <u>Id.</u> at 1951.  If the allegations state plausible claims for relief, such claims survive the motion to dismiss.  <u>Id.</u> at 1950.

III.  Analysis

A.  777 Promotional Products, Inc. and Deco West, Inc.

Defendants seek to dismiss the complaint against 777 Promotional Products, Inc. ("777") asserting that 777 is not a legal entity capable of being sued.  Defendants also assert that the claims asserted are conclusory and do not specify any conduct taken by either defendant.  Particularly, Defendants argue the only contractual relationship asserted in the complaint is between Plaintiff and Defendant Triple Seven Promotional Products, Inc.  In response, Plaintiff argues that Deco West and 777 are alter egos of Triple Seven, an assertion not pled in the complaint.

1     In order to state a claim for alter-ego liability in Nevada, a plaintiff must allege that: (1) the
2 corporation is influenced and governed by the person asserted to be the alter ego; (2) there is such
3 unity of interest and ownership that one is inseparable from the other; and (3) the facts are such that
4 adherence to the corporate fiction of a separate entity would, under the circumstances, sanction fraud
5 or promote injustice. See Polaris Ind. Corp. v. Kaplan, 747 P.2d 884, 886 (Nev. 1987); Wilson
6 Logistics Nev., Inc. v. Lincoln Gen'l Ins. Co., 2011 WL 5080176, at *2 (D. Nev. Oct. 26, 2011).  In
7 this action, Plaintiff has not made any factual allegations in the complaint that meet the pleading
8 requirements for asserting an alter-ego theory.  Therefore, the Court grants Defendants' motion to
9 dismiss the claims against 777 and Deco West.  However, the Court also grants Plaintiff leave to
10 amend its complaint.  Failure to file a timely amended complaint will result in the claims against
11 Deco West and 777 being dismissed with prejudice.
12     B.  Fraud
13     Fed. R. Civ. Pro. 8(a) generally provides that a pleading that sets forth a claim must contain
14 "a short and plain statement of the claim showing the pleader is entitled to relief." However, Fed. R.
15 Civ. Pro. 9(b) requires all allegations of fraud to be stated "with particularity," including "the time,
16 place and nature of the alleged fraudulent activities." Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir.
17 2009).  Rule 9(b) must specify the "who, what, when, where, and how" of the alleged activities. Rule
18 9(b) "does not allow a complaint to merely lump multiple defendants together but require[s]
19 plaintiffs to differentiate their allegations surrounding his alleged participation in fraud." Swartz v.
20 KPMG LLP, 476 F.3d 756, 764-765 (9th Cir. 2007). In cases of fraud involving multiple defendants,
21 a plaintiff must, at a minimum, "identif[y] the role of [each] defendant[ ] in the alleged fraudulent
22 scheme." Id. (citing Moore v. Kayport Package Express, Inc., 885 F.2d 531, 541 (9th Cir.1989)).
23         i. Third Claim- Fraud in the Inducement
24     Pursuant to Nevada law, a claim for fraud in the inducement requires a party to allege
25 each of the following elements: (1) a false representation; (2) knowledge or belief that the
26 representation was false or knowledge that the defendant had an insufficient basis for making the

4

representation; (3) intent to induce the plaintiff to consent to the contract's formation; (4) justifiable reliance upon the misrepresentation; and (5) damage resulting from such reliance.  <u>J.A. Jones Constr. v. Lehrer McGovern Bovis</u>, 89 P.3d 1009, 1018 (Nev. 2004).

Plaintiff alleges Defendants "fraudulently induced Plaintiff into entering into the purchase orders, and did so in bad faith with the intent to not fulfill the terms of the contracts as set forth in the purchase orders." Plaintiff claims it "would not have entered into the contracts but for Defendants' representations that it would act in good faith and honor the terms of the purchase orders." Plaintiff's allegations do not meet the particularity required by Fed. R. Civ. Pro. 9(b). The complaint fails to plead any knowledge or belief on the part of any defendant that the representation was false.  Accordingly, Plaintiff's fraud in the inducement claim is dismissed with leave to amend. If Plaintiff reasserts fraud claims against Deco West and 777, it must describe the particular acts of each defendant with the particularity required by Rule 9.

### ii. Fourth Claim- Fraud

Plaintiff alleges Defendants "knowingly and willfully manufactured and shipped product not to specification and otherwise shipped product past the agreed upon shipment dates." Plaintiff claims that Defendants knew their representations were false and "intended to induce Plaintiff to act on these false statements and misrepresentations." As discussed supra, Plaintiff's allegations do not meet the particularity required by Fed. R. Civ. Pro. 9(b). Accordingly, Plaintiff's fraud claim is dismissed with leave to amend.

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#11) is **GRANTED**;

IT IS FURTHER ORDERED that Plaintiff file an amended complaint within fourteen (14) days of the entry of this order, failure to do so will result in unamended claims being dismissed with prejudice;

///

1   IT IS FURTHER ORDERED that Defendants' Motion to Strike (#19) is **DENIED as moot**.

2   DATED this 11th day of September 2012.

_____
Kent J. Dawson
United States District Judge