**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| DFR APPAREL CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> TRIPLE SEVEN PROMOTIONAL PRODUCTS, INC., 777 PROMOTIONAL PRODUCTS, INC., DECO WEST, INC. <br><br> Defendants. | Case No. 2:11-cv-01406 -APG-CWH <br><br> **ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT, AND MOTION TO STRIKE DEFENDANTS' REPLY** |

Present before the Court are the following:

1. Defendants' Motion to Dismiss First Amended Complaint [Dkt #25], Plaintiffs' Opposition thereto [Dkt #27], and Defendants' Reply in Support of its Motion [Dkt #28]; and

2. Plaintiff's Motion to Strike as Untimely Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss First Amended Complaint; Motion for Leave to File Surreply [Dkt #29], Defendants' Opposition thereto [Dkt #30], Defendants' Errata to Opposition [Dkt #31], and Plaintiff's Reply in Support of its Motion [Dkt #32].

Each of these two Motions is based on the fact that the parties filed pleadings or documents one day (or a few hours) late. While procedural rules and timelines are to be followed, when reasonable and appropriate, the Court prefers to enter decisions based on the merits of the underlying case. *Ali v. City of North Las Vegas*, 2012 U.S.Dist. LEXIS 89657, *11 (D.Nev. 2012). In the present case, because the parties missed their

respective deadlines by only a few hours, and no party has been prejudiced as a result, the Court will overlook these minor violations of the deadlines. However, the Court takes notice (as set forth in Defendants' Reply [Dkt #28]) that this is not Plaintiff's or its counsel's first time missing a deadline in this case. Plaintiff and its counsel are hereby warned that future failures to comply with deadlines likely will result in more severe consequences.

Finally, it is evident from the papers that respective counsel may not be getting along in a professional fashion. "Tit for for tat" motions frequently are ineffective and only serve to irritate the Court and drive up the costs of litigation for the parties. Presumably, counsel can work out differences like those set forth in these papers (i.e. minor extensions of deadlines) through a phone call (or, slightly worse, an email or letter). The Court encourages presumes that respective counsel will proceed from here "with a clean slate," and engage in more open communication with each other as professionals should.

Dated: May 13, 2013

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE