# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DFR APPAREL CO., INC.,

        Plaintiff,

vs.

TRIPLE SEVEN PROMOTIONAL PRODUCTS, INC., *et al.*,

        Defendants.

Case No. 2:11-cv-01406-APG-CWH

**ORDER**

This matter is before the Court on Defendant Triple Seven Promotional Products, Inc.'s ("Triple Seven") Motion for Attorneys Fees (#58), filed on December 18, 2013. The Court also considered Plaintiff's Response (#62), filed on January 6, 2014, and Defendant Triple Seven's Reply (#63), filed on January 8, 2014.

## BACKGROUND

On December 5, 2013, the Court conducted a hearing on Defendant Triple Seven's Motion to Strike Plaintiff's Expert Report (#42) and Motion to Compel (#43). The Court denied Defendant's Motion to Strike Plaintiff's Expert Report (#42) and granted Defendant's Motion to Compel (#43). After meeting and conferring as ordered, Defendant submitted its Motion for Attorneys Fees (#58) on December 18, 2013. In doing so, Defendant contends that it prevailed on the Motion to Compel (#43) in its entirety and should be awarded $6,688.50 in attorneys fees based on an hourly rate of $245 and 27.3 hours.

## DISCUSSION

**A.** **Sanctions Pursuant to Rule 37**

Federal Rule of Civil Procedure 37(a)(5)(A) states, "[T]he court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making

the motion, including attorney's fees." An award of expenses is not appropriate if: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, (2) the opposing party's non-disclosure, response, or objection was substantially justified, or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i-iii). The burden is on the losing party to affirmatively demonstrate that its discovery conduct was substantially justified. *See* Adv. Comm. Notes to 1970 Amendment to former Fed. R. Civ. P. 37(a)(4). Discovery conduct is "substantially justified if it is a response to a 'genuine dispute or if reasonable people could differ as to the appropriateness of the contested action.'" *Devaney v. Continental American Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

Plaintiff argues that its conduct was substantially justified because the meet and confer prior to Defendant filing the Motion to Compel (#43) substantially resolved the issues. Further, Plaintiff alleges that the remainder of disputes were resolved at the hearing when more clarity was provided. Additionally, Plaintiff contends that it would be unjust to award fees because it timely filed amended responses to the remaining discovery requests within fourteen days of the hearing in accordance with the Court's order.

Defendant contends that Plaintiff's conduct in failing to produce responses is not substantially justified due to their untimeliness and insufficient responses. It argues that Plaintiff's failure to timely and adequately respond adversely impacted Defendant's ability to complete discovery and prepare a dispositive motion. Defendant also cites to its thorough meet and confer attempts to explain that its objections to Plaintiff's responses were clear.

The Court is not persuaded that Plaintiff's conduct was substantially justified. The responses were significantly late and made general references to deposition transcripts and to the universe of documents produced without pinpoint citations. Further, even if the meet and confer prior to the Motion to Compel (#43) resulted in the resolution of some issues, the hearing resulted in a ruling in Defendant's favor on the remaining issues. The Court does not find this dispute to be one in which "reasonable" minds could differ or there are other circumstances that make a fee award unjust. *Devaney*, 989 F.2d at 1163. The Court previously noted at the hearing that Plaintiff

should have been more specific than directing Defendant to the universe of discovery documents. As a result, the Court finds that Plaintiff failed to carry its burden to demonstrate that its conduct was substantially justified or that an award of fees would be unjust.

### B. Reasonableness of the Fee Request

The Ninth Circuit affords trial courts broad discretion in determining the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). Courts typically follow a two-step process. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Second, the Court "may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). Some of the relevant factors are: (1) the preclusion of other employment by the attorney due to acceptance of the case, (2) time limitations imposed by the client or the circumstances, (3) the amount involved and results obtained, (4) the undesirability of the case,[1] (5) the nature and length of the professional relationship with the client, and (6) awards in similar cases. *Id.* at n. 2 (*citing Hensley v. Eckerhart*, 461 U.S. 424 (1983)); *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied,* 425 U.S. 951 (1976). In most cases, the lodestar figure is a presumptively reasonable fee award. *Camacho v. Bridgeport Financial, Inc.,* 523 F.3d 973, 978 (9th Cir. 2008).

#### 1. Reasonable Hourly Rate

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). The relevant community consists of the forum in which the case is pending. *Camacho,* 523 F.3d at 978. The court may consider rates outside the forum if local counsel was unavailable because they lacked the degree of experience, expertise, or specialization required to properly

---

[1] This factor has been called into question by the Supreme Court's ruling in *City of Burlington v. Dague,* 505 U.S. 557, 561-564 (1992). *See also Davis v. City & Cty. of San Francisco*, 976 F.2d 1536, 1546 n.4 (9th Cir. 1992), *vacated in part on other grounds,* 984 F.2d 345 (9th Cir. 1993) (suggesting *Dague* casts doubt on the relevance of "undesirability" to the fee calculation).

handle the case. *Id*. (*citing Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). Additionally, the court must consider the market rate in effect within two years of the work performed. *Bell v. Clackamas County*, 341 F.3d 858, 869 (9th Cir. 2003). Determining the appropriate market rate is inherently difficult for a number of reasons. Traditional supply and demand principles do not ordinarily apply to prevailing market rates for lawyers. *Id.* The hourly rate of lawyers in private practice varies widely. *Id.* The type of services provided by lawyers, as well as their experience, skill, and reputation, varies extensively. *Id.* Finally, the fee is usually discussed with the client and may be negotiated. *Id.*

Consequently, the fee applicant has the burden of producing satisfactory evidence that "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* Such evidence may include affidavits of the fee applicant's attorneys, affidavits of other attorneys regarding prevailing fees in the community, and rate determinations in other cases. *Camacho*, 523 F.3d at 980 (*citing United Steel Workers of Am. v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir. 1990)).

Here, Defendant requests fees at an hourly rate of $245 for Erik W. Fox ("Fox"). Fox provided a Declaration to establish that he has been practicing since 2004, is a Director with the law firm of Marquis Aurbach Coffing, has bench and jury trial experience, and done extensive work on business disputes like this case. Plaintiff raised no objection to this rate and the Court finds it to be reasonable for this forum based on Fox's skill, experience, and reputation.

### 2. Reasonable Hours Expended

The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination ... regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir.1992)). To that end, in determining the reasonableness of hours spent in relation to a discovery motion, the Court considers factors such as the complexity of the issues raised, the need to review the record and pleadings, and the need to conduct legal research, in addition to the length of the briefing. *See Herb Reed Enters. v. Monroe Powell's Platters*, 2013 WL 3729720, at *9–10, 2013 U.S. Dist.

1  Lexis 97559, at *31 (D. Nev. July 11, 2013); *see also Easley v. U.S. Home Corp.*, 2012 WL
2  3245526, at *3 (D. Nev. Aug. 7, 2012).  Where documentation of hours is inadequate, the district
3  court may reduce the award accordingly.  *Hensley*, 461 U.S. at 433.  The court may exclude hours
4  related to overstaffing, duplication, excessiveness, and otherwise unnecessary to the issue.  *Id.*

5  Here, Defendant requests a total fee award of $6,688.50 for 27.3 hours of work.  Plaintiff
6  raises one general objection that the hours spent are excessive.  Plaintiff contends that the fee award
7  should be reduced to only those hours spent on the motion to compel briefing.  The Court is not
8  persuaded that the fee award under Rule 37 is limited to only the preparation of the motion to
9  compel briefing.  Further, Plaintiff has not cited nor does the Court know of any authority that
10 limits a fee award under Rule 37 to only the briefing time rather than the meet and confer and
11 preparation efforts involved in making the motion to compel.

12 Nevertheless, the Court finds that several reductions in the fee award requested are
13 warranted.  First, the Court notes that Defendant included 2.2 hours for travel to and attendance at
14 the hearing on December 5, 2013.  However, the hearing lasted approximately 1 hour, commencing
15 at 8:56 a.m. and ending at 9:59 a.m.  The first part of the hearing involved discussion of
16 Defendant's Motion to Strike Plaintiff's Expert Report (#42), which was denied.  The second part
17 of the hearing, beginning at 9:35 a.m., involved discussion of Defendant's Motion to Compel
18 (#43).  Accordingly, the Court will reduce the hours requested for the hearing from 2.2 to 0.5 and
19 fee award by $416.50.  Similarly, Defendant includes 1.8 hours of preparation for the hearing on
20 the motion to compel.  Defendant's documentation of hours is vague in that it does not clarify that
21 the preparation time related only to the motion to compel rather than the motion to strike.
22 Accordingly, the Court will reduce the hours requested for preparation for the hearing from 1.8 to
23 1.0 and fee award by $196.  The Court finds that no further reductions are warranted.  Given the
24 nature of the discovery dispute at issue, the Court finds that 24.8 hours was reasonable in these
25 circumstances.  Therefore, the Court finds that Defendant is entitled to an award of $6,076.00 in
26 fees.

27 Based on the foregoing and good cause appearing therefore,
28 **IT IS HEREBY ORDERED** that Defendant Triple Seven Promotional Products, Inc.'s

("Triple Seven") Motion for Attorneys Fees (#58) is **granted with the above-noted modification to the fee award amount**.

**IT IS FURTHER ORDERED** that Plaintiff DFR Apparel Co., Inc. shall pay Defendants Triple Seven Promotional Products, Inc. the total sum of $6,076.00 by **March 7, 2014.**

DATED this 6th day of February, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**