1

2

3

4
**UNITED STATES DISTRICT COURT**

5
**DISTRICT OF NEVADA**

6

7
DFR APPAREL CO., INC.,                    )
                                          )
8
                  Plaintiff,              )          Case No.  2:11-cv-01406-APG-CWH
                                          )
9
vs.                                       )          **ORDER**
                                          )
10
TRIPLE SEVEN PROMOTIONAL PRODUCTS         )
INC., *et al.*,                           )
11
                                          )
                  Defendants.             )
12
_____  )

13
          This matter is before the Court on Plaintiff's Motion to Reconsider and Stay Enforcement[1]

14
of the Judgment (#65), filed on March 7, 2014.  The Court also considered Defendants' Response

15
and Countermotion for Sanctions (#66), filed on March 13, 2014, and Plaintiff's Reply (#67), filed

16
on March 25, 2014.

17
                              **DISCUSSION**

18
          Plaintiff requests that the Court reconsider its Order #64, which granted in part and denied

19
in part Defendant's Motion for Attorneys Fees (#58) resulting from the resolution of Defendant's

20
Motion to Compel (#43).  In doing so, Plaintiff contends that additional information has become

21
available namely, the deposition of Plaintiff's expert Mr. Spearman.  Plaintiff argues that

22
Defendants behavior during the deposition in making broad and vague requests has required

23
Plaintiff of going to the expense of supplementing Mr. Spearman's deposition beyond the scope of

24
the deposition notice.  Plaintiff contends that expense of providing Mr. Spearman for deposition,

25
supplement his testimony, and attorneys fees warrants reconsideration of the prior Order #64.

26
Further, Plaintiff requests that the Court stay this action until the Motion to Reconsider (#65) is

27

28

_____

          [1] The Court notes that Plaintiff's Motion is entitled "Motion to Reconsider and Stay Enforcemnt
of the Judgment" and therefore, omitted the typographical error for clarity.

1    resolved.

2        In response, Defendants contend that their deposition conduct was justified because they are

3    entitled to learn the complete bases for Plaintiff's expert opinion and timely served a subpoena

4    duces tecum.  Defendants allege that Plaintiff's expert was unprepared, the deposition lasted about

5    4 ½ hours, which is less than the allowed time permitted, and the deposition is not a grounds for

6    reconsidering Order #64.  Further, Defendants highlight that Plaintiff has failed to timely pay the

7    attorneys fees awarded in Order #64.  Defendants submit a countermotion for sanctions in terms of

8    attorneys fees for filing Response (#66) based on Plaintiff's failure to pay and untimely filed

9    Motion to Reconsider (#65).

10        **A.    Plaintiff's Request to Stay**

11        The Court will deny Plaintiff's Motion to Reconsider and Stay Enforcement of the

12   Judgment (#65).  First, as to Plaintiff's request for a stay, Plaintiff contends that a stay is warranted

13   until the Motion to Reconsider (#65) is decided because Defendants will suffer no hardship and

14   Plaintiff will suffer financial hardship if it has to pay attorneys fees as required by Order #64 in

15   addition to supplementing Mr. Spearman's deposition.  Defendants argue that they will be harmed

16   by a stay as it would stop the payment of a valid discovery sanction while allowing Plaintiff to

17   continue to delay the discovery process.

18        Courts have broad discretionary power to control discovery including the decision to allow

19   or deny discovery.  *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  An overly

20   lenient standard for granting a motion to stay would result in unnecessary delay in many cases.

21   That discovery may involve inconvenience and expense is not sufficient to support a stay of

22   discovery.  *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev.

23   1997).[2]  Rather, a stay of discovery should only be ordered if the court is convinced that a plaintiff

24   will be unable to state a claim for relief.  *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D.

25   Nev. 2011); *see also Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (*per curiam*).

26

27

         [2] As noted in *Tradebay*, "[t]he fact that a non-frivolous motion is pending is simply not enough to warrant a blanket
28   stay of all discovery."  278 F.R.D. at 603.

1  Ultimately, the party seeking the stay "carries the heavy burden of making a 'strong showing' why

2  discovery should be denied." *Id.* (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th

3  Cir.1975)).

4         The Court finds that a stay is unwarranted.  Plaintiff failed to carry its heavy burden of

5  making a strong showing justifying a stay.  The Court's Order #64 required Plaintiff to pay

6  Defendants $6,076 by March 7, 2014.  Plaintiff filed its request for a stay of Order #64 on March 7,

7  2014.  Its justification for the stay is that the Court should reconsider Order #64 and Plaintiff seeks

8  to avoid the required payment until reconsideration is complete.  However, the Court will address

9  the request for reconsideration below.  Therefore, there is no need for a stay until the Court resolves

10  Plaintiff's request for reconsideration.

11         **B.**        **Plaintiff's Request to Reconsider**

12         Second, as to Plaintiff's request that the Court reconsider Order #64, the Court finds that no

13  grounds exist that warrant reconsideration.  While the Federal Rules of Civil Procedure do not

14  explicitly recognize a petition for rehearing or motion to reconsider, the court has the inherent

15  power to revise, correct, and alter interlocutory orders at any time prior to entry of a final judgment.

16   *See Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 105 (9th Cir. 1958); *Santamarina v. Sears,*

17  *Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006).  This authority is governed by the doctrine

18  that a court will generally not reexamine an issue previously decided by the same or higher court in

19  the same case. *Lucas Auto. Eng'g, Inc. v. Bridgestone/ Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir.

20  2001); *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998).  However, a court has

21  discretion to depart from the prior order when (1) the first decision was clearly erroneous, (2) there

22  has been an intervening change of law, (3) the evidence on remand is substantially different, (4)

23  other changed circumstances exist, or (5) a manifest injustice would otherwise result. *Cuddy*, 147

24  F.3d at 1114.

25         On the other hand, a motion for reconsideration is properly denied when the movant fails to

26  establish any reason justifying relief. *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir. 1985).

27  A motion for reconsideration should not merely present arguments previously raised; that is, a

28  motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments

1    previously presented.  *See Merozoite v. Thorp,* 52 F.3d 252, 255 (9th Cir.1995); *Khan v. Fasano,*

2    194 F.Supp.2d 1134, 1136 (S.D. Cal. 2001) ("A party cannot have relief under this rule merely

3    because he or she is unhappy with the judgment.").

4         Here, the Court finds that Plaintiff has failed to demonstrate that reconsideration is proper.

5    Defendants raise a timeliness argument; they contend that Plaintiff failed to timely file its motion

6    for reconsideration within 14 days of Order #64, which was issued on February 6, 2014.  Plaintiff

7    responds that the changed circumstance that is the basis of its request for reconsideration occurred

8    on February 27, 2014, when it received Mr. Spearman's deposition transcript.  In the interest of

9    resolving the motion on its merits, the Court will not deny Plaintiff's request for reconsideration

10   solely on it being untimely.  However, the Court notes that it issued Order #64 on February 6, 2014

11   and gave Plaintiff one month to remit payment to Defendant, through March 7, 2014.  Plaintiff

12   concedes that Mr. Spearman was deposed on February 12, 2014.  There is no reason why Plaintiff

13   could not have submitted a request for a stay or reconsideration as of this date or on February 27,

14   2014, when Plaintiff received Mr. Spearman's transcript, rather than waiting until the day payment

15   was due on March 7, 2014.

16        Nevertheless, the Court finds that the subsequent February 12, 2014 deposition of Mr.

17   Spearman is not a changed circumstance that warrants reconsideration of Order #64 issued on

18   February 6, 2014.  As previously explained in Order #64, the Court found Plaintiff's conduct in

19   opposing Defendant's Motion to Compel (#43) not substantially justified.  Plaintiff's responses

20   were late and made general reference to all documents without direct citations to specific

21   documents or deposition lines.  Additionally, the Court admonished Plaintiff to be more specific

22   than merely directing Defendant that the answer is in the universe of documents.  Plaintiff has

23   failed to establish that the deposition of Plaintiff's expert on February 12, 2014 should result in a

24   change to the Court's Order #64 issued on February 6, 2014 regarding Plaintiff's deficient

25   interrogatory and request for production of document responses.  Indeed, Plaintiff failed to

26   demonstrate how its deficient discovery responses are connected with Mr. Spearman's subsequent

27   deposition and need to supplement his deposition transcript.  The Court finds it unnecessary to

28   address Mr. Spearman's level of preparedness for his deposition or notice of subpoena duces

1  tecum.  It appears as though Plaintiff is arguing that the additional expense of supplementing Mr.

2  Spearman's deposition transcript means that it is unjust to also pay attorneys fees as a sanction for

3  unreasonably opposing Defendant's Motion to Compel (#43).  This is an example of the type of

4  argument that is not acceptable in a motion to reconsider; Plaintiff's subsequent argument for why

5  the prior discovery sanction is unjust is merely an attempt to relitigate previously decided issues.

6  The Motion to Compel (#43) was granted and the subsequent expense of Mr. Spearman's

7  deposition does not constitute a changed circumstance that warrants reconsideration of the award of

8  reasonable expenses to Defendant.

9      **C.      Defendants' Request for Sanctions**

10      Defendants request that the Court use its inherent authority to impose additional sanctions

11  in the form of attorneys fees of $1,592.50 for opposing Plaintiff's Motion (#65).  Plaintiff notes that

12  it will respond to Defendants' request for sanctions with additional briefing.  The Court finds that

13  additional briefing is unnecessary.

14      The imposition of discovery sanctions is a task committed to the court's discretion.  *Von*

15  *Brimer v. Whirlpool Corp.*, 536 F.2d 838, 844 (9th Cir. 1976).  Federal Rule of Civil Procedure

16  Rule 37(b) allows for the authorization of any remedy the court determines is just and proportionate

17  to the situation when a party fails to obey a court order imposed under Rule 37(a).  Fed. R. Civ. P.

18  37(b)(2)(A); *see Societe International Pour Participations Industrielles Et Commerciales, S.A. v.*

19  *Rogers,* 357 U.S. 197, 207 (1958).  For example, a remedy available pursuant to Rule 37(b) is an

20  award of attorneys fees.  *See* Fed. R. Civ. P. 37(b)(2)(A)(vii); Fed. R. Civ. P. 37(b)(2)(C).

21      The Court will decline to grant Defendants' request for attorneys fees for filing the instant

22  countermotion and response (#66).  Rule 37(b) states, "Instead of or in addition to . . . [other

23  sanctions] . . . the court must order the disobedient party . . . to pay reasonable expenses, including

24  attorney's fees, caused by the failure, unless the failure was substantially justified or other

25  circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C).  Here, the Court

26  finds that Plaintiff's request for reconsideration was not substantially justified.  The deposition

27  occurred after the Court resolved the Motion to Compel (#43) and the mere imposition of

28  additional financial hardship as a result of a deposition does not justify reconsideration of a prior

5

1   discovery sanction.

2         On the other hand, the Court finds that an award of expenses is unjust under the

3   circumstances.  Plaintiff filed its request for a stay of Order #64 on the day payment was due.

4   Although Plaintiff failed to state excusable neglect to justify the late request for a modification of

5   the March 7, 2014 deadline, the Court finds that Plaintiff alternatively requested a stay of that

6   deadline.  Therefore, Plaintiff did not willfully violate Order #64 and refuse to pay.   However,

7   Plaintiff is warned that future behavior not in accordance with the Federal Rules of Civil

8   Procedure, Local Rules, or orders of the court will not preclude future sanctions, including

9   monetary or case dispositive sanctions.  As the Court has now resolved Plaintiff's request for a stay

10  and reconsideration, Plaintiff shall remit payment to Defendants as required by Order #64 by April

11  1, 2014.

12        Based on the foregoing and good cause appearing therefore,

13        **IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider and Stay Enforcement

14  of the Judgment (#65) is **denied**.

15        **IT IS FURTHER ORDERED** that Defendants' Countermotion for Sanctions (#66) is

16  **denied**.

17        **IT IS FURTHER ORDERED** that Plaintiff shall pay Defendant Triple Seven Promotional

18  Products, Inc. the total sum of $6,076.00 as required by Order #64 by **April 1, 2014**.

19        DATED this 26th day of March, 2014.

20

21                          **C.W. Hoffman, Jr.**
                            **United States Magistrate Judge**

22

23

24

25

26

27

28