UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DFR APPAREL CO., INC.,<br><br>           Plaintiff,<br><br>v.<br><br>TRIPLE SEVEN PROMOTIONAL PRODUCTS, INC., Triple Seven PROMOTIONAL PRODUCTS, INC., DECO WEST, INC.,<br><br>           Defendant. | Case No. 2:11-cv-01406-APG-CWH<br><br>**ORDER GRANTING DEFENDANT DECO WEST, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Dkt. No. 45) |

      DFR sued defendant Triple Seven for claims arising from a purchase contract. Defendant Deco West was not a party to the contract between DFR and Triple Seven. DFR alleges Deco West is Triple Seven's alter-ego and thus a proper defendant in this action. Deco West now moves for Summary Judgment, arguing that DFR cannot demonstrate the facts necessary to pierce the corporate veil and hold Deco West liable under an alter ego theory. DFR has failed to raise a genuine dispute as to Deco West's alter-ego liability, and Deco West is entitled to judgment as a matter of law. I therefore grant summary judgment in favor of Deco West.

**I.    BACKGROUND**[1]

      Deco West was not a party to the contract between DFR and Triple Seven, and had no direct involvement in the transaction between DFR and Triple Seven.[2] Melvin Kerr is the sole owner of Triple Seven, and he is the primary owner of West Coast Equities, which wholly owns Deco West.[3]

---

[1] DFR fails to contest most of Deco West's statement of undisputed facts. (Dkt. #45, at 3.) I find any facts uncontested by DFR to be undisputed for purposes of this summary judgment motion. Fed.R.Civ.P. 56(e)(2).

[2] (Dkt. #45, Exh. 3, at 5:10-20; 10:2-5; 116-10.)

[3] (Dkt. #45, Exh. 2.)

Triple Seven was formed in 2008, and Deco West was formed in 2000.[4] Both companies adhere to corporate formalities including propagating bylaws, holding shareholding meetings, maintaining separate bank accounts, filing independent tax returns, maintaining separate insurance policies, and accounting for any money that changes hands between the two companies.[5] Deco West and Triple Seven both transact distinct business with distinct clients.[6] Deco West provides operational facilities and employees to Triple Seven for which Triple Seven pays Deco West a fee.[7]

## II.  DISCUSSION

### A.  Legal Standard—Summary Judgment

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court.[8] Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[9] An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party, and a dispute is "material" if it could affect the outcome of the suit under the governing law.[10] In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party.[11]

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact.[12] Once

---

[4] (*Id.*)
[5] (*Id.*)
[6] (Dkt. #45, Exh. 4, at 114.)
[7] (Dkt. #45, Exh. 4, at 114; 129-30.)
[8] *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).
[9] *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).
[10] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).
[11] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).
[12] *Celotex*, 477 U.S. at 323.

the moving party satisfies those requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial."[13]  The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists,"[14] and "must do more than simply show that there is some metaphysical doubt as to the material facts."[15]  "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient."[16]  The court may consider only evidence which might be admissible at trial in ruling on a motion for summary judgment.[17]

**B. Analysis**

Nevada law generally treats corporations as separate legal entities.[18]  But Nevada law allows alter-ego liability where the corporate form is abused and one corporation is merely an alter ego of a controlling entity.[19]  To hold Deco West liable as Triple Seven's alter-ego, DFR must prove: (1) Triple Seven was influenced and governed by Deco West, (2) there is such unity of interest and ownership between the companies that one is inseparable from the other; and (3) "adherence to the fiction of a separate entity would, under the circumstances, sanction a fraud or promote injustice."[20]  "The corporate cloak is not lightly thrown aside, . . . the alter ego doctrine is an exception to the general rule recognizing corporate independence."[21]

Deco West's evidence portrays Deco West and Triple Seven as distinct, operating companies.  Deco West also points to the absence of any evidence showing either that Triple

---

[13] *Anderson*, 477 U.S. at 256.

[14] *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991),

[15] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).

[16] *Anderson*, 477 U.S. at 252.

[17] Fed. R. Civ. P. 56(c).

[18] *LFC Mktg. Group, Inc. v. Loomis*, 116 Nev. 896, 8 P.3d 841, 845 (2000).

[19] *Id.*

[20] *Lorenz v. Beltio, Ltd.,* 114 Nev. 795, 807, 963 P.2d 488, 496 (1998).

[21] *Id.* (internal citations omitted).

Seven was influenced by Deco West, or that respecting the corporate forms would result in injustice. In response, DFR provides scant admissible evidence in support of any of the alter-ego elements.[22]

### i. Deco West's influence over Triple Seven

Deco West argues there is no evidence it influenced or governed Triple Seven. DFR counters that Deco West and Triple Seven are both susceptible to control by Melvin Kerr.[23] But DFR seeks to make Deco West liable as Triple Seven's alter ego—not Melvin Kerr's—and DFR has provided no evidence Deco West actually influenced or governed Triple Seven in any way.[24]

### ii. Unity of interest and ownership

To determine the unity of interest between two companies, courts consider a number of factors, none of which is dispositive: (1) comingling of funds; (2) undercapitalization; (3) unauthorized diversion of funds; (4) failure to observe corporate formalities; (5) the existence or non-existence of separate bank accounts; (6) whether sister corporations have independent headquarters; (7) whether separate corporations had separate business responsibilities and operations; and (8) whether dividends were paid to shareholders.[25]

Deco West has provided substantial admissible evidence establishing that both it and Triple Seven adhered to corporate formalities, did not comingle funds, maintained separate accounts, and accounted for all transactions.[26] DFR responds that Triple Seven used Deco West's facilities and employees, but Deco West provided evidence establishing that Triple Seven properly contracted for and paid to use these resources.[27] DFR also argues that Deco West and

---

[22] Most of the evidence DFR relies on is unauthenticated, and thus inadmissible for purposes of summary judgment. *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). For example, DFR cites to an advertisement, attached as Exhibit 4 to its Response, without any effort to authenticate the document.

[23] (Dkt. #57, at 4-5.); (Dkt. #45, at 8.)

[24] (Dkt. #1.)

[25] Polaris Indus. Corp. v. Kaplan, 103 Nev. 598, 601, 747 P.2d 884, 887 (1987).

[26] (Dkt. #45, at 3-5.)

[27] (Dkt. #45, Exh. 4, at 114; 129-30.)

4

Triple Seven commingled assets, but Deco West provided evidence verifying no commingling occurred.[28]

In *Lorenz v. Beltio*, relied on by DFR, the Nevada Supreme Court found alter-ego liability because there was "overwhelming" evidence a company's owner was solely using the company for his personal business.[29] There was uncontroverted evidence that revealed commingling and that the owner was using the company's funds for personal uses.[30] There also was evidence of extreme undercapitalization.[31] This is strikingly distinguishable from the situation here, where Deco West and Triple Seven have been distinctly operating for years, had no ownership interest in each other, and there is no evidence of undercapitalization or improper use of corporate funds.

Deco West has provided uncontroverted evidence establishing that it and Triple Seven have been operating as distinct businesses for several years. There is no evidence that the companies are improperly intermingled save that they share corporate officers or managers, and Deco West contracts its facilities out to Triple Seven. These facts fall well short of establishing a unity of interest between Deco West and Triple Seven.[32]

### iii. *Injustice*

Even where two companies appear to be heavily intertwined, alter ego liability applies only if adherence to corporate forms would result in injustice.[33] In cases finding the injustice prong met, there is usually evidence proving the controlling entity somehow used the alter-ego

---

[28] (Dkt. #45, Exh 3, at 255-59.)

[29] *Lorenz v. Beltio, Ltd.*, 114 Nev. 795, 808, 963 P.2d 488, 496 (1998).

[30] *Id.*

[31] *Id.*

[32] *Lipshie v. Tracy Inv. Co.*, 93 Nev. 370, 377, 566 P.2d 819, 823 (1977) (failing to find alter ego liability even where two companies shared all shareholders and officers, the subsidiary was undercapitalized, and the parent company had actual ownership of the subsidiary).

[33] *North Arlington Med. Bldg., Inc. v. Sanchez Const. Co.,* 86 Nev. 515, 522, 471 P.2d 240, 244 (1970).

company to commit tortious conduct, hide assets, or prevent debtors from collecting their debts.[34] For example, the Ninth Circuit upheld summary judgment against a plaintiff's alter ego claim, in part, because the plaintiff failed to raise a triable dispute as to whether the corporate form was abused to hide money or avoid liabilities.[35]

DFR concedes it must provide facts showing it will be damaged by Deco West's alleged abuse of the corporate form,[36] but DFR does not identify any potential damage or injustice. There is no evidence indicating Triple Seven was undercapitalized, and there is no evidence DFR was somehow harmed, or will be harmed, even if Deco West and Triple Seven are intermingled. DFR cites to *Lorenz v. Beltio*, but this case hurts DFR more than it helps. In *Lorenz,* the Court held injustice would result because the company had been undercapitalized which resulted in the debtor having no recourse for its claims.[37]  No such showing has been made in this case.

        ***iv.  Balance of alter-ego factors***

Deco West has met its burden to establish that no genuine issue of material fact exists as to each of the alter-ego elements, any of which would be sufficient to warrant summary judgment. DFR has failed to provide admissible evidence raising a triable issue as to any of these elements. I therefore find Deco West has no alter-ego liability for Triple Seven.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

---

[34] *Chase Bank USA, N.A. v. Dispute Resolution Arbitration Grp.*, 02:05-CV-1208LRHLRL, 2007 WL 1577853 (D. Nev. May 31, 2007) (injustice prong met because evidence indicated corporation was created to further tortious conduct);

[35] *Peroulis v. Kriston*, 540 F. App'x 807 (9th Cir. 2013).

[36] (Dkt. #57, at 8.)

[37] *Lorenz v. Beltio, Ltd.,* 114 Nev. 795, 963 P.2d 488 (1998).

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendant Deco West Inc.'s Motion for Summary Judgment is GRANTED.

DATED THIS 30th day of September, 2014.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE